# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2026

Lyle W. Cayce
Clerk

———————

No. 25-51052

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE TORRES-GALAVIZ,

*Defendant—Appellant.*

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:25-CR-1384-1

———————

## PUBLISHED ORDER

Before SMITH, STEWART, and OLDHAM, *Circuit Judges*.

PER CURIAM:

IT IS ORDERED that Appellee's unopposed motion to vacate two supervised release conditions and to affirm the sentence as modified is GRANTED.

IT IS FURTHER ORDERED that Appellee's unopposed alternative motion to extend time to file the brief of appellee for 30 days upon the denial of the motion vacate supervised release conditions is DENIED AS MOOT.

JUDGE OLDHAM dissents and reiterates his view that this Court's practice of summarily vacating supervised release conditions and entering judgment for the defendant is deeply flawed. *See United States v. Vacchino*, 174 F.4th 932, 941 (5th Cir. 2026) (OLDHAM, J., concurring in the judgment); *United States v. Baez-Adriano*, 74 F.4th 292, 304 (5th Cir. 2023) (OLDHAM, J., concurring in the judgment); *United States v. Perez*, No. 23-20067, 2023 WL 7381447, at *1 n.1 (5th Cir. Nov. 7, 2023); *United States v. Griffin*, No. 21-50294, 2022 WL 17175592, at *3 (5th Cir. Nov. 23, 2022) (OLDHAM, J., dissenting). The practice is particularly troubling when the "plain error" that necessitates the summary vacatur stems from an intervening Fifth Circuit decision that did not exist at the time of sentencing. *United States v. del Carpio Frescas*, 932 F.3d 324, 341 (5th Cir. 2019) (OLDHAM, J., concurring).